IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE FRED BAUCHAM,

    Plaintiff,

vs.                                    Case No. 4:15cv511-MW/CAS

DEPUTY MICHAEL DUHART,
OFFICER WESLEY CREAMER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendant Creamer filed a motion fo summary judgment, ECF No. 38, on September 14, 2016.  The pro se Plaintiff was directed to file his response to that motion by October 17, 2016.  ECF No. 40.  Plaintiff has subsequently been granted two extensions of time in which to file his opposition to Defendant Creamer's summary judgment motion.  ECF Nos. 48-48, 53, 55.  Plaintiff was required to file his response on or before November 14, 2016.  ECF No. 55.  Plaintiff has not filed a response.

In addition, it was recently discovered that Plaintiff had received nearly $1,400.00, between April and September 2016, yet he failed to

make any partial filing fee payments to this Court during that time.  *See* ECF Nos. 50, 52.  The Order which granted Plaintiff in forma pauperis status directed payment of an initial partial filing fee of $17.71 and required Plaintiff "to make monthly payments of 20 percent of the preceding month's income" in his inmate account.  ECF No. 4.  The Order complies with the Prison Litigation Reform Act's requirements as set forth in 28 U.S.C. § 1915(b)(2).  Plaintiff paid the initial fee, ECF No. 5, but made no additional monthly payments.

Because Plaintiff had funds with which to make monthly payments but failed to do so, an Order was entered requiring Plaintiff to make a $140.00 partial payment towards the balance of the filing fee, a fee considerably less than the twenty percent which should have properly been submitted to this Court.  ECF No. 52.  Plaintiff's deadline to comply was November 30, 2016.  Once again, Plaintiff did not comply.

Because it appeared that Plaintiff had abandoned this litigation since his release from the Franklin County Jail, *see* ECF No. 51, an Order to Show Cause was entered on December 29, 2016.  ECF No. 58.  That Order required Plaintiff to submit a response no later than January 19, 2017, if he desired to continue this litigation, showing good cause for his

failure to comply with the prior Court Orders.  *Id.*  Plaintiff was also required to submit the $140.00 partial filing fee as ordered by the same deadline.  *Id.*  Plaintiff was warned that if he failed to respond as directed, "a recommendation will be entered to dismiss this case for failure to comply with court orders and failure to prosecute."  *Id.*  As of this date, Plaintiff has not responded.

Accordingly, it appears that Plaintiff has abandoned this litigation by his failure to comply with numerous courts orders.  "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[1]  Ciosek v. Ashley, No. 3:13CV147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386,

---

[1] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits."  FED. R. CIV. P. 41(b).

1389, 8 L.Ed.2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, rake other appropriate action, or issue an order to show cause why any of these actions should not be taken."  N.D. Fla. Loc. R. 41.1.

Here, Plaintiff has not complied with several orders.  An Order to Show Cause was entered, specifically requiring Plaintiff to comply and demonstrate his intent to continue this case.  There is little more that can be done to require Plaintiff to proceed.  Plaintiff should not be permitted to ignore court orders, fail to pay the required partial filing fees, and benefit from litigation.  Because Plaintiff was given a clear warning that he did not heed, this case should now be dismissed for his failure to prosecute and failure to comply with court orders.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 29, be **DISMISSED** for failure to prosecute and failure to comply with court orders.  It is further **RECOMMENDED** that the pending motion to dismiss, ECF No. 32, motion

for summary judgment filed by Defendant Creamer, ECF No. 38, and motion for summary judgment filed by Defendant Duhart, ECF No. 59, be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**